**STATE of Missouri, Respondent,**

v.

**Fred James WILSON, Appellant.**

**No. SD 30050.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 3, 2011.

Margaret M. Johnston, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Timothy A. Blackwell, Asst. Atty. Gen., Jefferson City, MO, for respondent.

DANIEL E. SCOTT, Chief Judge.

Fred Wilson (Defendant) appeals his convictions for first-degree involuntary manslaughter and second-degree assault. He claims there was insufficient evidence that he acted "recklessly" in driving his tractor-trailer into a stopped car.

### Applicable Law

As relevant here, it is first-degree involuntary manslaughter to recklessly kill someone and second-degree assault to recklessly cause serious physical injury.

*See* §§ 565.024.1(1), 565.060.1(3).[1] Defendant was "reckless" in these respects if his conscious disregard of "a substantial and unjustifiable risk" constituted "a gross deviation from the standard of care which a reasonable person would exercise in the situation." § 562.016.4.

■ Under Defendant's sole point on appeal, we are limited to determining if there was sufficient evidence for reasonable jurors to find beyond a reasonable doubt that Defendant was reckless. We view the evidence and inferences most favorably to the verdicts, disregard all contrary evidence and inferences, and give the trier of fact great deference. *See State v. Morrison,* 174 S.W.3d 646, 648–49 (Mo. App.2005).

### Facts

Just before noon on a clear day for driving, Defendant's tractor-trailer slammed into a car along rural I–44, killing Clarence Savage and severely injuring his wife. The couple had temporarily stopped their car on the shoulder, totally off the roadway, and turned on their flashers. The highway was dry, flat, and straight. Defendant's line of sight exceeded two miles. The shoulder, 10.5 feet wide, had a rumble strip.

Defendant crossed the fog line and rumble strip, drove down the shoulder for some distance, and struck the car at 65–70 mph. His truck was lined up with the car, with his right-side tires in the grass and left-side tires on the shoulder, and was totally off the roadway when it stuck the car above the exhaust pipe on the passenger side.

Occupants of a trailing vehicle told officers that the truck seemed to drive straight at the car and was on the shoulder long enough to have "squared up" before the crash. Another motorist testified that she slowed down when she realized the truck was going to strike the car.

Nothing on the roadway would have caused the truck to swerve. The shallow angle and location of tire marks in the grass showed the truck's gradual, rather than abrupt, departure from the roadway. Defendant could have missed the car by swerving when his passenger-side tires left the shoulder, but he did not do so. The truck never braked, not even lightly, although its brakes were in working order.

Defendant's breath smelled of alcohol. Field sobriety tests indicated that he was impaired. His blood alcohol level at the hospital was .073 percent, which a toxicologist at trial extrapolated back to .0955 at the time of the crash.[2]

### Analysis

■ The state seeks to analogize Missouri cases, while Defendant cites more non-Missouri decisions. No cited case is particularly helpful because all are dissimilar from this one, which we must judge on its own facts. *See State v. Dagley,* 793 S.W.2d 420, 425 (Mo.App.1990).

Defendant argues that recklessness means more than carelessness, negligence, neglect, or lack of caution, and that standing alone, even drunk driving is not necessarily "reckless" in this context. Even if we agree, *arguendo,* reversal is not warranted.

Reasonable jurors might conclude that easing across a rumble strip onto the shoulder, squaring up, and driving 65–70 mph with one's right wheels in the grass—

---

1. Statutory references are to RSMo as amended through 2006.

2. There was other evidence, of course, but we have focused on the factual basis for recklessness as we must view it under our standard of review.

by almost any driver, in any vehicle, under any circumstance—grossly deviated from a reasonable person's standard of care and consciously disregarded substantial and unjustifiable risk. They clearly could believe so if the driver had a .0955 blood alcohol level, was operating a 31,000 pound tractor-trailer, and a car was stopped ahead of him in plain view.

## Conclusion

Nothing in the record, as we must view it, compels us to find that the jurors could not reasonably have found beyond a reasonable doubt that Defendant was reckless. The state made a submissible case. We may not second guess the jury's verdicts. The judgment and convictions are affirmed.

BATES and FRANCIS, JJ., concur.